IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MORRIS TUREK,                                 )
                                              )
    Plaintiff,                               )
                                              )
vs.                                           )   Case No. 3:10-cv-00907-MJR
                                              )
MERCK & CO., INC., and SCHERING-              )
PLOUGH HEALTHCARE PRODUCTS,                   )
INC.,                                         )
                                              )
    Defendants.                              )

MEMORANDUM and ORDER

REAGAN, District Judge:

    A.    Factual and Procedural Background

Morris Turek, who resides in St. Louis, Missouri, brings this *qui tam* action for false patent marking pursuant to 35 U.S.C. §292. Merck & Co., Inc., is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey, and Schering-Plough Healthcare Products, Inc., is a Delaware corporation with its principal place of business in Memphis, Tennessee. The Court exercises subject matter jurisdiction under 28 U.S.C. § 1331 a federal question statute and 28 U.S.C. § 1338(a) a trademark statutes.

Turek alleges that Merck falsely marked products with expired patents in violation of 35 U.S.C. § 292(b). (Doc. 2 ¶ 14). Specifically, Turek alleges that Merck marked Dr. Scholl's For Her: Cracked Skin Repair Cream products (Skin Repair Cream) with expired U.S. Patent No. 4,760,096 (096 Patent) (Doc. 2 ¶16). Turek alleges that Defendants are sophisticated business entities that hold numerous patents and have an in-house legal

1

department that routinely monitors Defendants' patent rights. (Doc. 2 ¶¶ 12-14). Turek further alleges that Defendants have marked and continue to mark their Skin Repair Cream for the purpose of deceiving the public into believing that Defendants' products are covered by the 096 patent and to discourage competition and innovation in competing products. (Doc. 2 ¶¶ 21, 24). Turek seeks injunctive relief, a civil monetary fine of $500 per false marking offense - one-half of which would be paid to the United States – plus attorneys' fees and costs.

Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and 12(b)(1) for lack of subject matter jurisdiction (Doc. 16). Defendants attack the sufficiency of the pleadings under Rule 9(b) and the constitutionality of 35 U.S.C. § 292. In the alternative, Defendants ask the Court to stay this action until the Federal Circuit issues its decision on the constitutionality of § 292(b) in the currently pending appeal, *FLFMC, LLC v. Wham-O Inc.,* Appeal No. 2011-1067. By separate motion, Defendants seek to transfer venue to the District of New Jersey, pursuant to 28 U.S.C. § 1404, asserting that New Jersey is a more convenient forum (Doc. 17).

B. Discussion

The false marking statute provides, in relevant part :

1. Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public;… [s]hall be fined not more than $500 for every such offense.
2. Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

**35 U.S.C. §292**. "[A] *qui tam* plaintiff, or relator, can establish standing based on the United States' implicit partial assignment of its damages claim,… to 'any person,'…. In other words, even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory

2

assignment of the United States' rights, and 'the assignee of a claim has standing to assert the injury in fact suffered by the assignor.'" ***Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010) (citing *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 773 (2000) (internal citations omitted))**. It follows that a violation of the statute inherently constitutes an injury to the United States, and, therefore, so long as a relator alleges a violation of the statute then the relator has standing to pursue the claim as the United States' implicit assignee. ***Id*. at 1324-25**.

In the ***Stauffer*** case, the Federal Circuit reversed the district court's decision, concluding that the plaintiff did not have standing, and remanded the case to the district court to address the merits of the case. ***Id. at 1328***. The district court was directed to consider the defendant's motion to dismiss pursuant to Rule 12(b)(6) "'on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public - a critical element of a section 292 claim - with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9(b)." ***Id.* (quoting *Stauffer v. Brooks Bros., Inc.,* 615 F.Supp.2d 248, 251 n.1 (S.D.N.Y. 2009))**.

After ***Stauffer*** was decided, the Federal Circuit specifically held "that Rule 9(b)'s particularity requirement applies to false marking claims brought under § 292 and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known'" that the patent expired. ***In re BP Lubricants*, 637 F.3d 1307, 1309 (Fed. Cir. 2011)**.

Although knowledge and intent may be averred generally, and a plaintiff may plead upon information and belief, in a false marking case, the complaint must contain

3

sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind - intent to deceive the public - to satisfy Rule 9(b). ***Id.* at 1311 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009))**. To allege the requisite intent to deceive in the § 292 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." ***Id.* (citing *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was fraudulent intent"))**.

In ***Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010)**, the Federal Circuit stated that "[i]n order to be liable for false marking, *inter alia,* a party must mark an 'unpatented article.'" **608 F.3d at 1361 (citing 35 U.S.C. § 292(a))**. The court reasoned that an article covered by an expired patent is "unpatented." ***Id.*** The court concluded that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." ***Id*. at 1362-63 (citing *Sandstrom v. Montana,* 442 U.S. 510, 513-14 (1979))**. The Federal Circuit addressed this conclusion in ***BP Lubricants***:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, '[t]he bar for proving deceptive intent [in false marking cases] is particularly high,' requiring that relator show 'a purpose of deceit, rather than simply knowledge that a statement is false.' That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement. **637 F.3d 1307, 1312-13 (quoting *Pequignot*, 608 F.3d at 1362-63 (internal citations omitted))**.

4

The Court concluded that because the relator's complaint "provided only generalized allegations rather than specific underlying facts from which [the Court could] reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *Id.* **at 1312.**

This Court has carefully compared Turek's allegations to those analyzed in ***BP Lubricants***. Here, Turek's allegations provide no specific underlying facts and no more specificity than the generalized allegations that were rejected as insufficient in ***BP Lubricants***. Indeed, Defendants are correct to point out that Turek's complaint, as with similar false patent marking complaints filed in this district, appears to suffer from the same problems of defective pleading. *See Buehlhorn v. Universal Valve Co., Inc.*, **Case No. 3-10-cv-0559 (S.D.Ill.);** *Ford v. Hubbell Inc.*, **Case No. 3-10-cv-0513 (S.D.Ill.).**

Clearly, the Federal Circuit's conclusion applies here: "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." ***BP Lubricants*, 637 F.3d at 1311**. In sum, Turek's allegations are insufficient under Rule 9(b) because they fail to provide any objective indication from which the Court can reasonably infer that Defendants knew that the patents were expired. Turek's allegation that "on information and belief, Defendants have an in-house legal department that routinely monitors Defendants' patent rights, including marking, labeling, and/or advertising related thereto" (Doc. 2, ¶ 13) is simply a general allegation that Defendants knew or should have known that the patents had expired. Furthermore, Turek's allegation upon information and belief only - with no underlying facts - that Defendants marked and

5

continued to mark Skin Repair Cream for the purpose of deceiving the public (Doc. 2 ¶ 21) is insufficient for Rule 9(b) pleading.

The complaint contains insufficient underlying facts from which this Court can infer the requisite intent to deceive under Rule 9(b). Accordingly, the complaint must be dismissed without prejudice to Turek's filing an amended complaint in accordance with the pleading requirements outlined by the Federal Circuit in **BP Lubricants**. Because Turek is granted leave to replead, the Court declines to address Defendants' venue motion at this time; the motion to change venue under 28 U.S.C. § 1404(a) is denied without prejudice to refiling after Turek's amended complaint is filed.[1]

Finally, Defendants' make a constitutional challenge against § 292. So far, the Federal Circuit has declined to address the constitutionality of § 292. ***See Stauffer*, 619 F.3d at 1327 ("we will not decide the constitutionality [of section 292] without the issue having been raised or argued by the parties")**. Defendants are correct in stating that a district court in the Northern District of Ohio recently held that the *qui tam* provision of 35 U.S.C. § 292 is unconstitutional as violative of the "take care" clause in Article II § 3 of the Constitution ([the president] shall take Care that the Laws be faithfully executed.). ***See Unique Prods. Solutions, Ltd v. Hy-Grade Valve, Inc.,* --- F. Supp. 2d ----, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011); *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, --- F.Supp.2d. ----, 2011 WL 924341 (N.D. Ohio March 14, 2011)**.

---

[1] The Court finds it prudent to dismiss without prejudice Defendants' motion to change venue because Turek's amended complaint may contain allegations and specific facts that would affect a determination of venue.

The Northern District of Ohio court so held because (1) the Sixth Circuit Court of Appeals relied upon the "sufficient control" test espoused in *Morrison v. Olson*, 487 U.S. 654 (1988), to uphold the *qui tam* provisions of the False Claims Act (FCA) in *United States ex. rel. Taxpayers Against Fraud v. General Electric Co.*, 41 F.3d 1032 (6th Cir. 1994); and (2) the Federal Circuit had not rejected the application of *Morrison* to the false marking statute. **2011 WL 924341, at \*3**. The Ohio court, which is within the Sixth Circuit, rejected the Fifth Circuit Court of Appeals' contrary *en banc* holding that *Morrison* is inapplicable to the FCA's *qui tam* provisions. **2011 WL 649998, at \*4 (citing *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 754-55 (5th Cir. 2001) (*en banc*))**. Despite Defendants' claim that the *qui tam* provision is unconstitutional, the Court declines to address Defendants' constitutional claim until an amended complaint is filed.

C. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss (Doc. 16)**:** the Court **GRANTS** Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction but **DENIES** without prejudice the motion as to the constitutionality of 35 U.S.C. § 292. The Court **DENIES** Defendants' motion to transfer venue (Doc. 17) without prejudice to refiling after Turek amends his complaint. Turek shall file an amended complaint by **July 5, 2011.** Failure to file an amended complaint by this deadline **WILL RESULT** in dismissal of this action. Because the Court finds it prudent to give notice of this action to the United States, Turek is **ORDERED** to serve a copy of his amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

7

IT IS SO ORDERED

DATED June 20, 2011

                              <u>s/ Michael J. Reagan</u>
                              MICHAEL J. REAGAN
                              United States District Judge